# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ORTIZ, | ) 1:08-cv-00598-SMS |
| | ) |
| Plaintiff, | ) DECISION AND ORDER DENYING |
| v. | ) PLAINTIFF'S SOCIAL SECURITY |
| | ) COMPLAINT (DOC. 2) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) ORDER DIRECTING THE CLERK TO |
| SECURITY, | ) ENTER JUDGMENT FOR DEFENDANT |
| | ) MICHAEL J. ASTRUE AND AGAINST |
| Defendant. | ) PLAINTIFF GUADALUPE ORTIZ |
| | ) |
| | ) |

Plaintiff is proceeding in forma pauperis and with counsel against the Commissioner of Social Security. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of a final decision of the Commissioner denying an application for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act (the Act). Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment.[1] The matter is currently before the Court on the parties' briefs, which have

---

[1] On May 30, 2008, Judge Oliver W. Wanger assigned this action for all purposes to the undersigned Magistrate Judge.

1 been submitted without oral argument to the Honorable Sandra M.
2 Snyder, United States Magistrate Judge.

3     I. <u>Procedural History</u>

4     On September 14, 2004, Plaintiff, who was born on January 6,
5 1937, applied for Supplemental Security Income (SSI), alleging
6 disability due to anemia, diabetes, bleeding from the kidneys,
7 and surgery on the wrists since December 20, 2000. (A.R. 19, 64,
8 81.) After Plaintiff's claim was denied initially and on
9 reconsideration, Plaintiff appeared with counsel and testified at
10 a hearing held before the Honorable Michael J. Haubner,
11 Administrative Law Judge (ALJ) of the Social Security
12 Administration (SSA), on September 6, 2006. (A.R. 25-28, 19, 448-
13 75.) On October 18, 2006, the ALJ denied Plaintiff's application
14 for benefits. (<u>Id.</u> at 19-24.) After the Appeals Council denied
15 Plaintiff's request for review on February 28, 2008, Plaintiff
16 filed the complaint in this action on April 29, 2008. (<u>Id.</u> at 5-
17 7.) Briefing commenced on December 12, 2008, and was completed on
18 March 26, 2009, with the filing of Plaintiff's reply.

19     II. <u>Standard and Scope of Review</u>

20     Congress has provided a limited scope of judicial review of
21 the Commissioner's decision to deny benefits under the Act. In
22 reviewing findings of fact with respect to such determinations,
23 the Court must determine whether the decision of the Commissioner
24 is supported by substantial evidence. 42 U.S.C. § 405(g).
25 Substantial evidence means "more than a mere scintilla,"
26 <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971), but less than a
27 preponderance, <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119, n. 10
28 (9th Cir. 1975). It is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."
*Richardson*, 402 U.S. at 401. The Court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion; it may not simply isolate a portion of evidence that supports the decision. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). It is immaterial that the evidence would support a finding contrary to that reached by the Commissioner; the determination of the Commissioner as to a factual matter will stand if supported by substantial evidence because it is the Commissioner's job, and not the Court's, to resolve conflicts in the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th Cir. 1975).

    In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must review the whole record and uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. See, Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If the Court concludes that the ALJ did not use the proper legal standard, the matter will be remanded to permit application of the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th Cir. 1987).

    ///

1    III. Disability

2         A. Legal Standards

3    In order to qualify for benefits, a claimant must establish

4    that she is unable to engage in substantial gainful activity due

5    to a medically determinable physical or mental impairment which

6    has lasted or can be expected to last for a continuous period of

7    not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A

8    claimant must demonstrate a physical or mental impairment of such

9    severity that the claimant is not only unable to do the

10   claimant's previous work, but cannot, considering age, education,

11   and work experience, engage in any other kind of substantial

12   gainful work which exists in the national economy. 42 U.S.C.

13   1382c(a)(3)(B); Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th

14   Cir. 1989). The burden of establishing a disability is initially

15   on the claimant, who must prove that the claimant is unable to

16   return to his or her former type of work; the burden then shifts

17   to the Commissioner to identify other jobs that the claimant is

18   capable of performing considering the claimant's residual

19   functional capacity, as well as her age, education and last

20   fifteen years of work experience. Terry v. Sullivan, 903 F.2d

21   1273, 1275 (9th Cir. 1990).

22   The regulations provide that the ALJ must make specific

23   sequential determinations in the process of evaluating a

24   disability: 1) whether the applicant engaged in substantial

25   gainful activity since the alleged date of the onset of the

26   impairment, 2) whether solely on the basis of the medical

27   evidence the claimed impairment is severe, that is, of a

28   magnitude sufficient to limit significantly the individual's

4

physical or mental ability to do basic work activities; 3)
whether solely on the basis of medical evidence the impairment
equals or exceeds in severity certain impairments described in
Appendix I of the regulations; 4) whether the applicant has
sufficient residual functional capacity, defined as what an
individual can still do despite limitations, to perform the
applicant's past work; and 5) whether on the basis of the
applicant's age, education, work experience, and residual
functional capacity, the applicant can perform any other gainful
and substantial work within the economy. See 20 C.F.R. § 416.920.

### B. Findings

Here, the ALJ concluded that Plaintiff had not been under a
disability since September 14, 2004, the date the application was
filed. He found that Plaintiff had severe impairments of status
post carpal tunnel syndrome (CTS), degenerative joint disease of
the right knee, hypertension, diabetes mellitus, peripheral
neuropathy, and fibromyalgia. (A.R. 21.) Plaintiff's impairments
did not singly or in combination meet or medically equal a listed
impairment. Plaintiff had the residual functional capacity (RFC)
to lift and/or carry fifty pounds occasionally and twenty pounds
frequently, stand and/or walk at least six hours and sit at least
six hours in an eight-hour workday, and occasionally climb,
crouch, and crawl. (A.R. 22.) Plaintiff was capable of performing
her past relevant work (PRW) as an agricultural grader and
packager, and thus Plaintiff was not disabled since the date of
the filing of the application. (A.R. 23.)

The ALJ based his decision regarding Plaintiff's RFC on the
report of consulting internal medicine examiner, Dr. Sarupinder

1  Bhangoo, and two state agency medical consultants, who assigned

2  an RFC for medium[2] work to Plaintiff. (A.R. 22, 223, 224-33, 256-

3  57.)

4      IV. <u>Credibility Findings</u>

5      Plaintiff's sole contention on appeal is that the ALJ's

6  reasons for his findings concerning Plaintiff's credibility are

7  not of clear and convincing force or are not supported by

8  substantial evidence.

9      With respect to Plaintiff's subjective complaints, the ALJ

10 concluded:

11      While the claimant testified of (sic) far greater functional
        limitations, her testimony is not entirely credible. She
12      stated that she can only lift and carry four to five
        pounds, stand 15 to 20 minutes at one time, sit 30
13      to 35 minutes, walk one or two blocks, and grip or
        grasp objects for one minute before resting her hands
14      for ten minutes. She also stated that she can not
        concentrate on anything for more than fifteen minutes,
15      needs to use a cane if she walks further than two
        blocks, and has to elevate her feet about five hours out
16      of an eight-hour period because of swelling, numbness
        and pain. Despite her alleged limitations, she performs
17      a fairly broad range of daily activities which seem
        inconsistent with those limitations. She initially
18      testified that her husband does the cooking, but
        later admitted that she cooks once a day. She also
19      does the dishes and cleans up the kitchen daily. She
        watches television three hours a day and reads for
20      about 15 minutes three times a week. While she
        claimed that she cannot sit for more than 30 to 35
21      minutes, she sat through the entire hearing which lasted
        over 50 minutes. She also paid attention throughout
22      the hearing even though she testified that she cannot
        concentrate for more than 15 minutes at a time. Her
23      testimony that she cannot walk more than one or two
        blocks is contradicted by her statement to her
24      doctor in April 2006 that she walks 1 mile, on and
        off (Exhibit 9F, page 37). Overall, it appears her
25      alleged symptoms and limitations are somewhat

26  _____

27      [2] Medium work "involves lifting no more than 50 pounds at a time with
    frequent lifting or carrying of objects weighing up to 25 pounds. If someone
28  can do medium work, we determine that he or she can also do sedentary and
    light work." 20 C.F.R. §§ 404.1567 (DIB), 416.967(c) (SSI).

exaggerated. In addition, she has a marginal work history with only six years at the full level of substantial gainful activity during the past relevant fifteen-year period (Exhibit 5D, page 2). This suggests a lack of motivation to work which further detracts from her credibility. Under the circumstances, her subjective complaints do not provide a reliable basis for imposing any further limitations in assessing her residual functional capacity.

(A.R. 23.)

Unless there is affirmative evidence that the applicant is malingering, then where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which the applicant complains, an adverse credibility finding must be based on clear and convincing reasons. Carmickle v. Commissioner, Social Security Administration,, 533 F.3d 1155, 1160 (9th Cir. 2008).

The factors to be considered in weighing credibility are set forth in the regulations and pertinent Social Security rulings. They include the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate the symptoms; treatment, other than medication, the person receives or has received for relief of the symptoms; any measures other than treatment the claimant uses or has used to relieve the symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929; S.S.R. 96-7p. See, Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007).

7

With respect to the course of analysis directed by the
regulations, the ALJ is first obligated to consider all symptoms
and the extent to which the symptoms can reasonably be accepted
as consistent with the objective medical evidence and other
evidence. 20 C.F.R. § 416.929(a). Once it is determined that
there is a medically determinable impairment that could
reasonably be expected to produce the claimant's symptoms, the
ALJ must then evaluate the intensity and persistence of the
symptoms to determine how the symptoms limit the capacity for
work. § 416.929(b), (c). The ALJ will consider all available
evidence. To the extent that the claimant's symptoms can be
reasonably accepted as consistent with the objective medical
evidence and other evidence, the symptoms will be determined to
diminish the claimant's capacity for basic work activities. §
416.929(c)(4). A claimant's statements will not be rejected
solely because unsubstantiated by the available objective medical
evidence. § 416.929(c)(2).

Further, the pertinent Social Security Ruling provides in
pertinent part that an ALJ has an obligation to articulate the
reasons supporting the analysis:

> ...When evaluating the credibility of an individual's
> statements, the adjudicator must consider the entire
> case record and give specific reasons for the weight
> given to the individual's statements.
>
> The finding on the credibility of the individual's
> statements cannot be based on an intangible or
> intuitive notion about an individual's credibility. The
> reasons for the credibility finding must be grounded in
> the evidence and articulated in the determination or
> decision. It is not sufficient to make a conclusory
> statement that "the individual's allegations have been
> considered" or that "the allegations are (or are not)
> credible." It is also not enough for the adjudicator
> simply to recite the factors that are described in the

8

1         regulations for evaluating symptoms. The determination
2         or decision must contain specific reasons for the
        finding on credibility, supported by the evidence in
3         the case record, and must be sufficiently specific to
        make clear to the individual and to any subsequent
4         reviewers the weight the adjudicator gave to the
        individual's statements and the reasons for that
5         weight. This documentation is necessary in order to
        give the individual a full and fair review of his or
6         her claim, and in order to ensure a well-reasoned
        determination or decision.

7 S.S.R. 96-7p at 4.

8     Here, in his decision the ALJ noted Plaintiff's subjective

9 complaints concerning her capacity to lift and carry, stand, sit,

10 walk, grip, grasp, and concentrate, and he noted her expressed

11 need to elevate her feet for five hours out of an eight-hour

12 period. (A.R. 23.)

13     The ALJ then stated numerous reasons for his conclusions. He

14 noted Plaintiff's performance of a broad range of daily

15 activities inconsistent with her claimed limitations, and he

16 specifically mentioned cooking, doing the dishes, cleaning the

17 kitchen, and watching television. Substantial evidence supports

18 the ALJ's finding concerning Plaintiff's activities. (A.R. 463-

19 68.)

20     It is established that the mere fact of a claimant's

21 carrying on certain daily activities does not necessarily detract

22 from credibility as to overall disability. However, a negative

23 inference is permissible where the activities contradict the

24 other testimony of the claimant, or where the activities are of a

25 nature and extent to reflect transferable work skills. Daily

26 activities support an adverse credibility finding if a claimant

27 is able to spend a substantial part of her day engaged in

28 pursuits involving the performance of physical functions or

9

skills that are transferable to a work setting. <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007); <u>Morgan v. Commissioner of Social Sec. Admin.</u>, 169 F.3d 595, 600 (9th Cir. 1999); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002).

In <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002), the claimant's ability to perform various household chores, including cooking, laundry, washing dishes, and shopping, was considered to be inconsistent with the claimant's subjective complaints, and it was a satisfactory basis for a finding that she lacked candor with respect to her descriptions of her pain. In <u>Curry v. Sullivan</u>, 925 F.2d 1127, 1130 (9th Cir. 1990), the court specifically concluded that an ability to take care of one's personal needs, prepare easy meals, do light housework, and shop for some groceries may be seen as inconsistent with the presence of a condition that would preclude all work activity (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989)). Similar activities have been held sufficient to constitute record support for a conclusion that a claimant's daily activities were inconsistent with a claim of totally disabling pain. <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001). The Court concludes that in the present case, Plaintiff's daily activities constituted a reason of clear and convincing force supporting the ALJ's findings.

The ALJ's observations constituted substantial evidence for his additional reasoning that Plaintiff's subjective complaints were inconsistent with her demonstrated capacities. The ALJ stated that Plaintiff sat for over fifty minutes at the hearing and concentrated throughout the hearing, in contrast to her claim of inability to sit more than thirty to thirty-five minutes and

concentrate for only fifteen minutes at a time. (A.R. 23.)
Although an ALJ's observations may not be the sole reason for
rejecting subjective complaints, S.S.R. 96-7 at p. 8, an ALJ may
use ordinary techniques of credibility evaluation and may
consider specific observations of the claimant at the hearing as
part of an overall credibility determination. <u>See</u>, <u>Tonapetyan v.
Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001).

     Included in the factors that an ALJ may consider in weighing
a claimant's credibility are the claimant's reputation for
truthfulness; inconsistencies either in the claimant's testimony
or between the claimant's testimony and the claimant's conduct,
daily activities, or work record; and testimony from physicians
and third parties concerning the nature, severity, and effect of
the symptoms of which the claimant complains. <u>Thomas v. Barnhart</u>,
278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ may consider whether
the Plaintiff's testimony is believable or not. <u>Verduzco v.
Apfel</u>, 188 F.3d 1087, 1090 (9th Cir. 1999).

     In addition to relying on the general inconsistency of
Plaintiff's subjective complaints with her admitted and observed
activities of daily living, the ALJ relied on an inconsistent
statement that Plaintiff made to Dr. R. Kohli on April 12, 2006,
when Plaintiff sought treatment for back and joint pain. (A.R.
300.) Plaintiff reported that she "walks" a mile on and off.
(<u>Id.</u>) This report, made less than six months before the hearing
at which Plaintiff claimed an inability to walk more than a block
or two, presented a substantial inconsistency which was clear and
convincing in force.

     The Court finds that substantial evidence supported the

conclusion that Plaintiff's alleged symptoms and limitations were exaggerated, and that these reasons were clear and convincing in force.

Plaintiff attacks the ALJ's reasoning concerning Plaintiff's work history. (A.R. 23.) A claimant's extremely poor work history shows that she has little propensity to work and negatively affects her credibility regarding her inability to work. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ's reliance on what he characterized as a marginal work history is based on a record that shows that Plaintiff's FICA earnings for the years 1980 through 2006 included no earnings for the years 1980 through 1986, 1996, 1997, and 2001 through 2006; annual earnings that ranged from $8,370 to $10,911 for years 1988 through 1995, earnings of $5,311.64 in 1999, and earnings under $2,000 for 1987 and 1998. (A.R. 76.) The record thus reflects that the period of Plaintiff's minimal or nonexistent earnings equaled if not exceeded the periods of substantial gainful activity. (Id.) The record also shows that on August 14, 1996, Plaintiff's surgeon had anticipated that Plaintiff would continue to be off work after carpal tunnel release surgery for three weeks, but Plaintiff instead applied for disability and received a decision denying her application on March 4, 1997. (A.R. 129, 90.)

Plaintiff contends that she should not be punished for her socioeconomic circumstances, and she stresses her level of employment during 1988 through 1995. However, given the totality of the record of Plaintiff's work history, the Court concludes that substantial evidence supports the ALJ's conclusion that

1 Plaintiff's work history was marginal.

2 It is established that if an ALJ's credibility finding is
3 supported by substantial evidence in the record, a court
4 reviewing the ALJ's determination may not engage in
5 second-guessing. See, Morgan v. Commissioner of Social Sec.
6 Admin., 169 F.3d 595, 600 (9th Cir. 1999). Here, the Court will
7 not disturb the ALJ's findings.

8 In summary, the Court concludes that the ALJ cited clear and
9 convincing reasons for rejecting Plaintiff's subjective
10 complaints to the extent alleged, and that the ALJ's reasons were
11 properly supported by substantial evidence in the record and
12 sufficiently specific to allow this Court to conclude that the
13 ALJ rejected the claimant's testimony on permissible grounds and
14 did not arbitrarily discredit Plaintiff's testimony.

15 V. Medical Evidence

16 Plaintiff does not specifically contend that the ALJ's
17 conclusions concerning the expert opinions in this case are
18 unsupported or based on incorrect legal standards. However, in
19 the course of her contentions concerning the ALJ's credibility
20 findings, Plaintiff does assert that the report of the
21 consulting, examining physician, Dr. Bhangoo, was inadequate and
22 incomplete. (Brief. p. 12.) Plaintiff further contends that the
23 ALJ based his conclusion regarding Plaintiff's disability on Dr.
24 Bhangoo's opinion, which was reached without the doctor's having
25 reviewed any records or diagnosing Plaintiff's peripheral
26 neuropathy. (Brief p. 12.)

27 Plaintiff reported to Dr. Bhangoo in November 2004 during
28 his comprehensive internal medical exam that she lived with her

husband, who had significant disability due to arthritis and used a cane, so Plaintiff was the main care provider; she was capable of doing her personal care, household work of cooking and cleaning, and very slowly going for walks. (A.R. 219.) Dr. Bhangoo observed Plaintiff walk without any difficulty without assistive devices and move around well; she had non-antalgic gait with ability to walk on tiptoe and on the heels; Romberg sign was absent; and straight leg raising was negative bilaterally. Her right knee was mildly swollen without localized tenderness and with normal range of motion; her ankle joints reflected no localized swelling. Plaintiff exhibited good grip, with flexion/extension of the proximal phalanx seventy degrees and distal phalanx ninety degrees bilaterally. The wrists exhibited good range of motion. Reflexes were normal, and motor strength was 5/5 in all extremities. Plaintiff climbed up on the examination table with her right leg first, suggesting she could put significant weight on her right knee; she carried a purse in her right hand without any apparent pain. (A.R. 219-23.)

Dr. Bhangoo also found that sensory exam showed decreased sensation to pinprick and touch in the right hand; it involved the whole hand but not in any radicular or nerve distribution, was worse on the right side, without any specific level on the back; and she had decreased sensation in both feet without any specific margin. (A.R. 220-23.) Although Dr. Bhangoo's formal diagnoses (status post carpal tunnel surgery, degenerative joint disease of the right knee, diabetes, hypertension, and hypercholesterolemia) did not include peripheral neuropathy, Dr. Bhangoo noted in his medical source statement that the

nonspecific sensory loss in both hands was consistent with peripheral neuropathy rather than carpal tunnel type. (A.R. 222.) Further, even for peripheral neuropathy, her level was not specific, and usually peripheral neuropathy involved lower extremities rather than upper extremities if it were to be from diabetes. (A.R. 222.)

The Court notes that no treating physician has opined that Plaintiff had any specific functional limitations from her impairments. The mere existence of an impairment is insufficient proof of a disability. <u>Matthews v. Shalala</u>, 10 F.3d 678, 680 (9th Cir. 1993). The ALJ here noted Plaintiff's treating physicians' diagnoses of peripheral neuropathy in October 2004 and fibromyalgia in November 2005. (A.R. 21, 253, 336.) In determining Plaintiff's RFC, the ALJ reviewed the medical record and noted the lack of a treating physician's opinion contrary to the opinions of Dr. Bhangoo and of the state agency medical consultants. (A.R. 21-23.) It does not appear that there was any impropriety in the ALJ's consideration of the medical evidence regarding Plaintiff's RFC.

VI. <u>Disposition</u>

Based on the foregoing, the Court concludes that the ALJ's decision was supported by substantial evidence in the record as a whole and was based on the application of correct legal standards.

Accordingly, the Court AFFIRMS the administrative decision of the Defendant Commissioner of Social Security and DENIES Plaintiff's Social Security complaint.

The Clerk of the Court IS DIRECTED to enter judgment for

1  Defendant Michael J. Astrue, Commissioner of Social Security,

2  and against Plaintiff Guadalupe Ortiz.

3

4  IT IS SO ORDERED.

5  **Dated:    May 27, 2009**                                    **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28